1           **UNITED STATES DISTRICT COURT**

2               **DISTRICT OF OREGON**

3               **PORTLAND DIVISION**

4    MART VINE DINE,

5              Plaintiff,          No. 03:10-cv-00712-HU

6    vs.

7    CAROLYN W. COLVIN[1],          **FINDINGS AND RECOMMENDATION**
     Commissioner of Social Security,     **ON MOTION FOR 406(b) FEES**
8
               Defendant.
9         _____

10

11   Merrill Schneider
     P.O. Box 14490
12   Portland, OR 97293

13        Attorney for Plaintiff

14

15   S. Amanda Marshall
     United States Attorney
16   Adrian L. Brown
     Assistant United States Attorney
17   1000 S.W. Third Avenue, Suite 600
     Portland, OR 97204-2904
18

19   Franco L. Becia
     Special Assistant United States Attorney
20   Social Security Administration
     Office of the General Counsel
21   701 Fifth Avenue, Suite 2900 M/S 221A
     Seattle, WA 98104-7075
22
          Attorneys for Defendant
23

24

25

26   _____

27        [1]Carolyn W. Colvin became acting Commissioner of Social
     Security on February 24, 2013.  Therefore, pursuant to Federal
     Rule of Civil Procedure 25(d), she is automatically substituted
28   for Michael J. Astrue as Defendant in this case.

     1 - FINDINGS & RECOMMENDATION

1  HUBEL, United States Magistrate Judge:

2      The plaintiff Mart Van Dine brought this action for judicial

3  review of the Commissioner's decision denying his applications

4  for disability insurance benefits under Title II of the Social

5  Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental

6  Security Income under Title XVI of the Act.  In Findings and

7  Recommendation entered February 27, 2012, I recommended that the

8  Commissioner's decision be reversed, and the case be remanded

9  for further proceedings. Dkt. #25.  Neither party filed

10  objections, and on March 29, 2012, Judge Marco A. Hernandez

11  adopted my recommendation, and entered judgment for Van Dine.

12  Dkt. ##27 & 28.

13      The parties filed a stipulated motion for a fee payment

14  under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA),

15  in the amount of $6,625.99.  I recommended the motion be

16  granted, and on October 16, 2012, Judge Hernandez adopted my

17  recommendation and granted the motion, ordering payment to Van

18  Dine of EAJA fees in the amount of $6,625.99.  Dkt. #34; *see*

19  Dkt. ##29-32.

20      The matter now is before the court on Van Dine's unopposed

21  motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).  Dkt.

22  #39.  Section 406(b) provides that an attorney who represents a

23  successful claimant in a Social Security action may be awarded,

24  as part of the judgment, "'a reasonable fee . . . not in excess

25  of 25 percent of the . . . past-due benefits' awarded to the

26  claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S. Ct.

27  1817, 1822, 152 L. Ed. 2d 996 (2002) (quoting 42 U.S.C.

28  § 406(b)(1)(A)).  The attorney's fee "is payable 'out of, and

2 - FINDINGS & RECOMMENDATION

1  not in addition to, the amount of [the] past-due benefits.'"
2  *Id.*  An attorney may receive fees under both EAJA and section
3  406(b), but the attorney must refund the amount of the smaller
4  fee to the claimant.  *Id.* (citation omitted).  This ensures the
5  claimant receives the largest possible award of benefits.  *Id.*

6      The *Gisbrecht* Court observed that contingent fee contracts
7  "are the most common fee arrangement between attorneys and
8  Social Security claimants."  *Id.*, 535 U.S. at 800, 122 S. Ct. at
9  1824 (citation omitted).     To prevent an attorney from
10 contracting for an unreasonably large fee, Congress enacted
11 section 406(b) to limit the attorney's fee to 25 percent of the
12 past-due benefits.  *Id.*, 535 U.S. at 805, 122 S. Ct. at 1826-27
13 (discussing the legislative history behind section 406(b)).
14 However, the statute does not mandate that an attorney receive
15 25 percent of the claimant's past-due benefits.    Rather,
16 "[w]ithin the 25 percent boundary, . . . the attorney for the
17 successful claimant must show that the fee sought is reasonable
18 for the services rendered."  *Id.*, 535 U.S. at 807, 122 S. Ct. at
19 1828.  Thus, although the district court must look first to the
20 contingent fee agreement between the attorney and the claimant,
21 the court then must test the fee arrangement for reasonableness.
22 *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (citing
23 *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828).

24     The amount of the fee may be reduced "based on the character
25 of the representation and the results the representative
26 achieved."  *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828
27 (citations omitted). Thus, for example, a reduced fee would be
28 in order "if the attorney provided substandard representation or

3 - FINDINGS & RECOMMENDATION

1   engaged in dilatory conduct in order to increase the accrued

2   amount of past-due benefits, or if the 'benefits are large in

3   comparison to the amount of time counsel spent on the case.'"

4   *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, *supra*).   The

5   attorney ultimately "bears the burden of establishing that the

6   fee sought is reasonable."  *Id.*

7       Routine rubber-stamping of the statutory maximum allowable

8   fee is disfavored in these cases.   As the Fourth Circuit Court

9   of Appeals observed over forty years ago,

10              [J]udges should constantly remind themselves
                that, while the lawyer is entitled to a
11              reasonable compensation for the services
                rendered by him in the judicial proceeding,
12              these benefits are provided for the support
                and maintenance of the claimant and his [or
13              her] dependents and not for the enrichment
                of members of the bar.  Routine approval of
14              the statutory maximum allowable fee should
                be avoided in all cases.   In a great
15              majority of the cases, perhaps, a reasonable
                fee will be much less than the statutory
16              maximum.     The    statute    directs    a
                determination and allowance of a reasonable
17              fee and the courts are responsible under the
                [Social  Security]  Act  for  seeing  that
18              unreasonably large fees in these Social
                Security cases are not charged or collected
19              by lawyers.

20
    *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966).
21
        In the present case, the fee agreement between Van Dine and
22
    his counsel provides for a fee equal to 25 percent of past-due
23
    benefits.   *See* Dkt. #39-2.   Counsel's efforts resulted in an
24
    award to Van Dine of a total of $152,008 in past-due benefits.
25
    Dkt. #39, p. 2.   Van Dine's attorney Merrill Schneider requests
26
    an award of 406(b) fees in the amount of $32,002, which he
27
    states "is exactly 25% of past due benefits" when "combined with
28

    4 - FINDINGS & RECOMMENDATION

1   the $6,000 agency fee already awarded." *Id.* After

2   deduction/refund of the $6,625.99 EAJA fee previously awarded,

3   the requested fee would result in an out-of-pocket amount for

4   Van Dine of $25,376.01.

5       Counsel's time records were submitted in connection with Van

6   Dine's motion for EAJA fees. *See* Dkt. #31. Those records

7   indicate Van Dine's attorneys expended 37.00 hours in this case

8   (.80 hours in 2010; 35.70 hours in 2011; .50 hours in 2012). An

9   expenditure of 37.00 hours falls within the twenty- to forty-

10  hour range Judge Michael W. Mosman has held is a "reasonable

11  amount of time to spend on a social security case that does not

12  present particular difficulty." *Harden v. Comm'r*, 497 F. Supp.

13  2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the

14  district courts" on this point; citing cases). Judge Mosman

15  agreed that "[a]bsent unusual circumstances or complexity, . .

16  . this range provides an accurate framework for measuring

17  whether the amount of time counsel spent is reasonable." *Id.*

18  In the present case, the administrative record was 669 pages

19  long. Van Dine's opening brief was twenty-one pages long. In

20  the brief, Van Dine raised four issues requiring a detailed

21  analysis of the ALJ's treatment of the medical evidence in the

22  case, the weight given to the opinions of Van Dine's treating

23  sources, and the ALJ's credibility determination, as well as

24  discussion of the applicable law. The Commissioner responded

25  with an eighteen-page brief, and Van Dine filed a twelve-page

26  reply. The complexity of the issues in the case, and analysis of

27  the evidence, led to one of the longest opinions the undersigned

28  has filed in a Social Security case, comprising 104 pages. As

5 - FINDINGS & RECOMMENDATION

1  I noted in my findings and recommendation on Van Dine's motion

2  for EAJA fees, the lengthy opinion was due in large part to the

3  complicated medical history that was poorly analyzed by the ALJ.

4  Based on the complexity of the case, I find the attorneys'

5  expenditure of 37 hours in this case was reasonable under the

6  circumstances.

7      A fee of $32,002 for 37 hours of work would result in an

8  effective hourly rate of $864.92.  To demonstrate that the

9  requested fee is reasonable, counsel refers to the Oregon State

10 Bar Association Economic Survey, which has been used by judges

11 of this court as a benchmark in determining reasonable hourly

12 rates for attorney fee awards.  The 2012 survey reports that

13 attorneys practicing in "other areas" of private practice in

14 Portland bill at an average rate of $308.00 per hour.  Counsel

15 argues for an upward adjustment of the average hourly rate based

16 on the risk of representing Social Security claimants, arguing

17 that in Social Security cases, "there is only a 36% chance of

18 winning benefits for the claimant."  Dkt. #39, p. 5.  In support

19 of this assertion, counsel cites "[d]ata based on statistics

20 used in the Supreme Court appeal in *Gisbrecht*."  *Id.* at n.3.

21 Relying on this degree of risk, counsel argues "a contingency

22 multiplier of 2.78 (100/36) is warranted."  *Id.*, p. 5.  Applying

23 a 2.78 contingency multiplier to the $308 hourly rate results in

24 an hourly rate of $856.24 per hour, a rate counsel argues would

25 compensate him properly for the risk he undertook in this case,

26 as well as putting him "on equal footing with the average

27 Portland-area attorney, just for the hours spent in Federal

28 Court one each case."  *Id.* (citing *In re Wash. Pub. Power Supply*

6 - FINDINGS & RECOMMENDATION

1  *Sys. Sec. Lit.*, 19 F.3d 1291, 1299 (9th Cir. 1994)). Notably,
2  the effective hourly rate requested in the current motion
3  ($864.92) is $8.68/hour greater than the $856.24 average rate
4  reached using counsel's calculation.

5      In any event, when considering identical arguments made by
6  attorneys seeking section 406(b) fees in previous cases, the
7  undersigned has noted this type of analysis does little to
8  assist the court in determining the reasonableness of the
9  contracted-for fee equal to 25% of the claimant's past-due
10  benefits.  First, counsel's reliance on the risk involved in
11  Social Security cases, generally, has been rejected by the
12  courts.  Rather, it is the risk faced by counsel in the present
13  case that is relevant.  *See Crawford*, 586 F.3d at 1153
14  (directing district courts to "look at the complexity and risk
15  involved in the specific case at issue to determine how much
16  risk the [attorney] assumed in taking the case").  In this case,
17  the issues counsel raised on Van Dine's behalf were fairly
18  routine in nature for Social Security cases, particularly for
19  experienced Social Security counsel.  While the issues were
20  labor-intensive due to the ALJ's poor work, thus justifying the
21  37 hours counsel spent on the case, the poor work of the ALJ
22  reduced the risk that Van Dine and his counsel would receive
23  nothing from this case.  In other words, the errors made by the
24  ALJ were so glaring that the likelihood of recovery for Van
25  Dine, and thus his counsel, was greater than average.  The court
26  recognizes that counsel does assume the "risk that no benefits
27  would be awarded or that there would be a long court or
28  administrative delay in resolving the case[]."  *Id.*, 586 F.3d at

7 - FINDINGS & RECOMMENDATION

1  1152.  The court further acknowledges the significant lapse of
2  time between counsel's acceptance of the case and the receipt of
3  payment.  The present case was filed four years ago, in June
4  2010, and it could be several more months before counsel
5  receives payment of any fees awarded pursuant to the current
6  motion.  Nevertheless, the court finds the risk in the present
7  case was lower than in other routine Social Security cases.  The
8  amount of risk, therefore, supports some reduction in the
9  extremely high fee requested by counsel.

10     Second, counsel's fee analysis is based on a lodestar
11  approach, which was "flatly rejected" by the Supreme Court in
12  *Gisbrecht*.  *See Id.*, 586 F.3d at 1148.  The *Crawford* court
13  explained that under *Gisbrecht*, the court's duty to assure the
14  reasonableness of the fee "must begin . . . with the fee
15  agreement, and the question is whether the amount need be
16  *reduced*, not whether the lodestar amount should be enhanced."
17  *Id.*, 586 F.3d at 1149 (emphasis added).  The court may "consider
18  the lodestar calculation, but *only as an aid* in assessing the
19  reasonableness of the fee."  *Id.*, 586 F.3d at 1151 (emphasis in
20  original; citing *Gisbrecht,* 505 U.S. at 808, 122 S. Ct. at
21  1828).  Factors to be considered in reducing a fee include
22  "substandard performance, delay, or benefits that are not in
23  proportion to the time spent on the case."  *Id.*

24     In the present case, counsel's representation of the
25  claimant was not substandard.  He reviewed the administrative
26  record and the Commissioner's arguments thoroughly, and prepared
27  briefing that ultimately carried the day.  As Judge Marsh
28  observed in *Province v. Comm'r*, slip op., 2013 WL 3045568, at *2

8 - FINDINGS & RECOMMENDATION

1  (D. Or. June 17, 2013) (Marsh, J.), "it takes an experienced

2  practitioner and a close examination of the relevant documents

3  and records to effectively identify any insufficiencies in the

4  administrative record."  *Id.* The court finds no reduction of the

5  fee is warranted based on counsel's representation.  The court

6  also finds counsel did not engage in dilatory conduct in order

7  to increase the accrued amount of past-due benefits, so no

8  downward adjustment is required on that basis.  *See Gisbrecht*,

9  535 U.S. at 808, 122 S. Ct. at 1828.

10      Where the court particularly disagrees with counsel's

11  argument is in considering whether "the benefits are large *in*

12  *comparison to the amount of time* the attorney spent on the

13  case."  *Id.* (emphasis added).  The 37 hours of attorney time

14  spent by Van Dine's counsel in this case falls within the twenty

15  to forty hour range Judge Michael W. Mosman found to be a

16  "reasonable amount of time to spend on a social security case

17  that does not present particular difficulty."  *Harden v. Comm'r*,

18  497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus

19  among the district courts" on this point; citing cases).

20  However, the award of $152,008 in past-due benefits is enormous

21  based on the time expended and the lower-than-average risk of

22  recovery involved.  A fee amounting to 25% of that award would

23  represent a windfall to counsel.  For these reasons, the court

24  finds that a 50% reduction in the requested fee is reasonable

25  under the circumstances.  This will result in an hourly rate of

26  $432.46, which is $124.46 per hour more than the average rate of

27  Portland-area attorneys.  The $124.46 per hour increase over the

28  average hourly rate accounts for the lessened risk counsel

9 - FINDINGS & RECOMMENDATION

1   undertook in accepting representation of this claimant, and
2   adequately compensates counsel for the quality of
3   representation, and the time spent on the case.

4       Accordingly, after considering all of the relevant factors,
5   the court finds counsel should be awarded fees under section
6   406(b) in the amount of $16,001.02, from which the previously-
7   awarded $6,625.99 in EAJA fees should be refunded to Van Dine.
8   / / /
9   / / /
10  / / /

11                        *CONCLUSION*

12      For the reasons set forth above, I recommend the plaintiff's
13  counsel's motion for attorney fees pursuant to 42 U.S.C. §
14  406(b) (Dkt. #39) be granted in part and denied in part, and a
15  fee of $16,001.02 be awarded, with the sum of $6,625.99,
16  representing EAJA fees already awarded in this case, to be
17  refunded to the plaintiff.

18

19                     *SCHEDULING ORDER*

20      These Findings and Recommendations will be referred to a
21  district judge. Objections, if any, are due by **July 7, 2014**. If
22  no objections are filed, then the Findings and Recommendations
23  will go under advisement on that date.  If objections are filed,
24  then any response is due by **July 24, 2014**.  By the earlier of

25

26

27

28

10 - FINDINGS & RECOMMENDATION

1 the response due date or the date a response is filed, the

2 Findings and Recommendations will go under advisement.

3     IT IS SO ORDERED.

4                          Dated this 17th day of June, 2014.

5

6                          /s/ Dennis J. Hubel

7     _____
                          Dennis James Hubel
8                          Unites States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11 - FINDINGS & RECOMMENDATION