IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Mart Van Dine,

                Plaintiff,              No. 03:10-cv-00712-HU

    v.

Commissioner of Social Security,        ORDER

                Defendant.

HERNÁNDEZ, District Judge:

In March of 2010, Mart Van Dine entered into a contingent fee agreement with attorney Merrill Schneider to challenge the Social Security Administration's ("SSA") denial of his claim for Social Security disability and supplemental income benefits. Van Dine agreed to pay Mr. Schneider a fee equal to 25 percent of any past-due benefits he was awarded. Nearly four years later, Mr. Schneider helped Van Dine secure $152,008 in past-due benefits, along with ongoing benefit payments. Now before the Court is Magistrate Judge Hubel's Findings and Recommendation, issued on June 17, 2014, in which he recommends this Court deny Mr.

1 – ORDER

Schneider's request for $32,002 in attorney fees which, consistent with the parties' agreement, is 25 percent of Van Dine's past-due benefit award. Dkt. #40 (hereinafter "F&R") at 10. Judge Hubel found that such a large fee would be unreasonable because Van Dine's case was less risky than the typical Social Security case, and instead recommended an award of $16,001, or 10.5 percent of the past-due award. Id. at 9–10.

Mr. Schneider timely objected to Magistrate Judge Hubel's Findings and Recommendation. The Commissioner did not file a response. The Court finds Mr. Schneider carried his burden to show the requested fee is reasonable, given the complexity of the case and the risk that Van Dine would still receive no benefits even after this Court remanded the case to for additional proceedings. Accordingly, the Court adopts in part and rejects in part Magistrate Judge Hubel's Findings and Recommendation and orders attorney fees of $32,002 to be paid to Mr. Schneider.

## BACKGROUND

Van Dine brought this action for judicial review of the Commissioner's decision denying his applications for disability insurance benefits under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. In March of 2012, this Court adopted Judge Hubel's recommendation that the Commissioner's decision be reversed and the case remanded for further proceedings, and entered judgment in favor of Van Dine. Dkt. #27, 28. Subsequently, this Court adopted Judge Hubel's recommendation that the parties' stipulated motion for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) be granted, and ordered payment to Van Dine's attorney of EAJA fees totaling $6,625.99. Dkt. # 34. After winning benefits for Van Dine on remand, his attorney, Mr. Schneider, filed a motion for fees pursuant to 42 U.S.C. § 406(b) on May 8, 2014. Dkt. #39.

**STANDARDS**

When a party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance ("SSDI") claimant who was represented by an attorney may "determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total past-due benefits to which the claimant is entitled . . . ." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2006). The attorney fee award in an SSDI case is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 802, 807 (2002).

Contingent-fee agreements providing for fees of 25 percent of the past-due benefits awarded are the most prevalent fee arrangements between Social Security claimants and attorneys. Crawford, 586 F.3d at 1147 (quoting Gisbrecht, 535 U.S. at 800). The statute does not specify how to determine whether a requested fee is reasonable, but the Supreme Court has instructed that courts "must respect 'the primacy of lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness." Id. (quoting Gisbrecht, 535 U.S. at 793, 808). The Crawford court set out factors, based on its analysis of Gisbrecht, for analyzing the reasonableness of a requested fee in a particular case: 1) the

character of the representation (specifically, if the representation was substandard); 2) the results achieved; 3) any delay attributable to the attorney seeking the fee; and 4) whether the requested fee is not in proportion to the time spent on the case (i.e. whether the award would be a windfall). Crawford, 586 F.3d at 1151–53 (citations omitted). The Crawford panel also recognized the risk inherent in contingency-fee representation is an appropriate factor to consider in assessing a fee's reasonableness, but instructed courts to focus on the "complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." Id. at 1153.

## DISCUSSION

The contingent fee agreement in this case provided the typical fee equal to 25 percent of past-due benefits awarded. Magistrate Judge Hubel noted that Van Dine was awarded $152,008 in past due benefits; his attorney requested a fee of $32,002, exactly 25 percent of the past-due award and within the statutory maximum. See 42 U.S.C 406(b); F&R at 4–5.

Next, Judge Hubel analyzed whether the time Mr. Schneider spent on the case was reasonable. He found the 37 total hours worked to be within the range of 20 to 40 hours that some courts have concluded is a generally reasonable amount of time for a Social Security case that does not present particular difficulties. F&R at 5 (citing Harden v. Com'r, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district courts" on this point and citing cases)). Judge Hubel explained that Van Dine's medical history was "complicated" and that the "complexity of the issues in the cases, and analysis of the evidence[] led to one of the longest opinions" that he had ever filed in a Social Security case, totaling 104 pages. Accordingly, Judge Hubel found the 37 hours expended was reasonable under the circumstances. F&R at 5–6.

Judge Hubel applied the <u>Crawford</u> factors and found that no fee reduction was warranted based on the character of counsel's representation, the results achieved, or because of any attorney-caused delay. F&R at 8–9. The Court adopts Judge Hubel's analysis of those <u>Crawford</u> factors.

However, the Court does not adopt the portion of Judge Hubel's Findings and Recommendation regarding the proportionality of the fee award. Judge Hubel recommended a reduction in the requested fee based on the lower-than-usual risk involved in this case. Judge Hubel found the issues raised in the briefing were "fairly routine . . . for Social Security cases, particularly for experienced Social Security counsel." F&R at 7. Additionally,"[w]hile the issues were labor-intensive due to the ALJ's poor work, thus justifying the 37 hours counsel spent on the case, the poor work of the ALJ reduced the risk that Van Dine and his counsel would receive nothing from this case." <u>Id.</u> Judge Hubel found the $152,008 award of past-due benefits was "enormous," and, given the time expended and the "lower-than-average risk of recovery involved," the requested $32,002 fee would have been a "windfall to counsel." F&R at 9. Accordingly, Judge Hubel found that a 50 percent reduction in the requested fee, from $32,002 to $16,001, was "reasonable under the circumstances." <u>Id.</u> The resulting hourly rate of $432.46, he explained, was $126.46 per hour more than that average rate of Portland-area attorneys and adequately "account[ed] for the lessened risk counsel undertook in accepting representation of [Van Dine], and . . . compensate[d] counsel for the quality of representation and the time spent on this case. F&R at 9–10.

In the briefing accompanying the motion for attorney fees, Mr. Schneider explained both the general risks involved in Social Security cases, and the specific risks in Van Dine's case. He argued Van Dine's appeal was risky to litigate because his application for benefits had already

been denied, and only 10-15 percent of successful disability benefits cases are decided favorably at the hearing stage or later. Moreover, Van Dine's claim depended on demonstrating the combined disabling effects of both physical and mental impairments. He explained that Social Security claimants, and the attorneys representing them on a contingent basis, generally have only a 36 percent chance of winning benefits. That explanation of the risks specific to Van Dine's case and to Social Security cases generally supports the conclusion that the requested fee is reasonable. See Alter v. Colvin, No. 1:12-cv-00737-AC, 2014 WL 3486143 at *3 (D. Or. July 11, 2014) (citing Crawford, 586 F.3d at 1151–52).

Furthermore, the Court disagrees that the ALJ's errors in this case lessened the risk that Van Dine would receive no benefits. A remand for further administrative proceedings only guaranteed an additional hearing before the ALJ; it did not necessarily reduce the risk of another denial. Van Dine's complicated medical history increased the case's complexity, and the analysis of the evidence, as Judge Hubel explained, led to a 104-page opinion, one of the longest Social Security opinions he had ever written. See F&R at 5–6. Finally, the effective hourly rate of Mr. Schneider's requested fee is $864.91, which is within the range of rates that judges in this district have approved as reasonable. See, e.g., Alter, 2014 WL 3486143 at *3 (approving $27,613.25 in fees and an effective hourly rate of $831.72); Quinnin v. Colvin, 2013 WL 5786988, at *4 (approving effective hourly rate of $1,240 for attorney time); Chase v. Com'r of Soc. Sec., No. 3:10-cv-01063-HZ, 2012 WL 4343232, at *1 (D. Or. Sept. 12, 2012) (approving $39,950 in fees and an effective hourly rate of $1,000 per hour).

Accordingly, the Court finds that Mr. Schneider met his burden to demonstrate the requested fee was reasonable. The time spent and quality of work performed on Van Dine's behalf is not out of proportion to the award of past-due benefits and would not represent a

windfall given the complexity of the case, the complicated medical evidence involved, and the risk that Van Dine would not win any benefits.

## CONCLUSION

The Court ADOPTS IN PART and REJECTS IN PART Judge Hubel's Findings and Recommendation [40]. The Court GRANTS Van Dine's counsel's motion for attorney fees [39] pursuant to 42 U.S.C. 406(b). Van Dine's counsel is to be awarded $32,002, less the EAJA attorney fees of $6,625.99, for a net award of $25,376.01 to be paid from Van Dine's past-due benefits.

IT IS SO ORDERED.

DATED this ____11____ day of ____Sept____, 2014.

MARCO A. HERNÁNDEZ
United States District Judge